AO245B Judgment in a Criminal Case (Rev. 06/05)

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 0 3 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# United States District Court
## Western District of Louisiana
### Shreveport Division

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | Case Number: 5:07CR50003-01 |
| CORE L. MORRIS | c/w 06-50090-01 |
| | USM Number: 13177-035 |
| *correct special conditions | J. RANSDELL KEENE |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✓] pleaded guilty to count(s): <u>One of the Information and Count (s) Five and Six of the Indictment</u>
[ ] pleaded nolo contendere to count(s) __ which was accepted by the court.
[ ] was found guilty on count(s) __ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Count Number(s)** | **Date Offense Concluded** |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to Commit Mail Fraud | 1 | 6/10/2000 |
| 18 U.S.C. §513 and 2 | Counterfeit or Forged Securities | 5 | 1/13/2005 |
| 42 U.S.C. §408(a)(7)(B) | Social Security Number Fraud | 6 | 2/29/2002 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) __.

[✓] Remaining Count(s) <u>of the Indictment</u> [ ] is [✓] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of any material changes in the defendant's economic circumstances.

July 18, 2007
Date of Imposition of Judgment

Signature of Judicial Officer

DONALD E. WALTER, United States District Judge
Name & Title of Judicial Officer

August 3, 2007
Date

AO245B  Judgement in a Criminal Case (Rev. 06/05)
    Sheet 2 — Imprisonment

Judgment - Page 2 of 8

DEFENDANT: CORE L. MORRIS
CASE NUMBER: 5:07CR50003-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 96 months as to Count One of the Bill of Information and Counts Five and Six of the Indictment, with said counts to run concurrently.

[✓] The court makes the following recommendations to the Bureau of Prisons:

that the defendant be enrolled in the 500 hour substance abuse program.

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
    [ ] at ___ [ ] a.m.  [ ] p.m.  on ___.
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before 2 p.m. on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                                 UNITED STATES MARSHAL

                                        By _____
                                        DEPUTY UNITED STATES MARSHAL

DEFENDANT: CORE L. MORRIS
CASE NUMBER: 5:07CR50003-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to Count One of the Bill of Information and Counts Five and Six of the Indictment, with said counts to run concurrently.

## MANDATORY CONDITIONS (MC)

1. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

4. [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5. [✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

6. [✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

7. [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

8. [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

9. If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

10. The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION (SC)

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CORE L. MORRIS
CASE NUMBER: 5:07CR50003-01

# SPECIAL CONDITIONS OF SUPERVISION (SP)

The defendant shall be subject to financial disclosure throughout the period of supervised release and shall provide the U. S. Probation Office with all requested financial documentation, including all household income.

As noted in the Plea Agreement, The Court orders that any federal income tax refund payable to the defendant from the Internal Revenue Service will be turned over to the Clerk of Court and applied toward any outstanding balance, with regard to special assessment and restitution.

*In the event restitution is not paid prior to commencement of supervised release, the defendant shall make monthly payments, at a rate of no less than 10% of the defendant's gross monthly income. Restitution shall be paid to the U. S. District Clerk of Court for disbursal to the victim(s) in this matter, and payments shall begin within 30 days of the defendant's release from imprisonment.

The defendant shall participate in a substance abuse treatment program, as directed by the U. S. Probation Office, to include antabuse drug surveillance, if indicated and/or inpatient treatment.

DEFENDANT:     CORE L. MORRIS
CASE NUMBER:   5:07CR50003-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| Totals: | $ 300.00 | $ | $ 75,230.80 |

[ ]   The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✓]   The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| State Farm<br>Attn: Kristy Mullins<br>1915 E. 70th Street<br>Shreveport, LA 71105 | | $32,605.42 | |
| See 'Additional Restitution Payees' page. | | $42,625.38 | |
| TOTALS: | $_ | $75,230.80 | |

[ ]   Restitution amount ordered pursuant to plea agreement $ _

[ ]   The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [✓] The interest requirement is waived for the     [✓] fine    [✓] restitution.

    [ ] The interest requirement for the    [ ] fine  [ ] restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case 5:07-cr-50003-DEW-MLH   Document 14   Filed 08/03/07   Page 6 of 8 PageID #: 51

AO245B Judgment in a Criminal Case (Rev. 12/03)
    Sheet 5A - Criminal Monetary Penalties

DEFENDANT: CORE L..MORRIS
CASE NUMBER:5:07-50003-01

Judgment - Page 6 of 8

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
| Thrifty Liquor<br>Attn: Daniel Horton<br>3238 Barksdale Blvd.<br>Bossier City, LA 71112 | | $3,939.86 | |
| Peters Grocery<br>Attn: Thomas Peters<br>1521 Barksdale Blvd.<br>Bossier City, LA 71111 | | $8,454.87 | |
| Community Bank<br>1815 Jimmie Davis<br>Bossier City, LA 71112 | | $3,178.68 | |
| Wal-Mart<br>Attn Bruce Willis<br>9550 Mansfield Road<br>Shreveport, LA 71118 | | $669.77 | |
| Apollo Tobacco<br>Attn: Jimmy Nasser<br>559 E. 70th Street<br>Shreveport, LA 71106 | | $441.78 | |
| In-&-Out Grocery<br>Attn: Mike Zeidan<br>4301 Linwood Avenue<br>Shreveport, LA 71108 | | $595.46 | |
| Silver Dollar Grocery<br>Attn: T. J. Mandina<br>830 Fannin Street<br>Shreveport, LA 71101 | | $3,308.39 | |
| Alpine Spirits<br>Attn: William Windfield<br>2437 Lakeshore Drive<br>Shreveport, LA 71103 | | $1,730.99 | |
| Tom's Market<br>Attn: Tom Terry<br>212 North Pine Street<br>Vivian, LA 71082 | | $1,261.18 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO245B Judgment in a Criminal Case (Rev. 12/03)
    Sheet 5A - Criminal Monetary Penalties

DEFENDANT:   CORE L. MORRIS  
CASE NUMBER: 5:07-50003-01

Judgment - Page 6 of 8

| | |
|---|---|
| Lowe's Home Improvement Store<br>7301 Youree Drive<br>Shreveport, LA 71105 | $1,011.82 |
| Regions Bank<br>Attn: Charles Heard<br>3510 Cypress Street<br>West Monroe, LA 71291 | $6,185.28 |
| Bewley's Furniture<br>900 W. 70th Street<br>Shreveport, LA 71106 | $1,724.60 |
| Ouachita Independent Bank<br>Attn: Daniel Dollar<br>9010 Ellerbe Road<br>Shreveport, LA 71106 | $2,965.04 |
| Home Depot<br>110 E. Bert Kouns Industrial Loop<br>Shreveport, LA 71106 | $487.61 |
| Barksdale Federal Credit Union<br>Attn: Karen Hemperly<br>3003 Knight Street, Ste 100<br>Shreveport, LA 71105 | $3,413.11 |
| Kroger Grocery Store<br>9155 Mansfield Road<br>Shreveport, LA 71118 | $426.12 |
| Sam's Club<br>7400 Youree Drive<br>Shreveport, LA 71105 | $700.00 |
| Kangaroo Express<br>Attn: Leah Myers<br>7950 Youree Drive<br>Shreveport, LA 71105 | $25.00 |
| C & C Liquor & Grocery<br>Attn: Jeff Camden<br>5130 Broadway Ave.<br>Shreveport, LA 71109 | $2,105.82 |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: CORE L. MORRIS
CASE NUMBER: 5:07CR50003-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [✓] Lump sum payment of $ 75,530.80 due immediately, balance due

    [ ] not later than _, or
    [ ] in accordance with      [ ]C,    [ ]D, or    [ ]E or [✓]F below; or

B [ ] Payment to begin immediately (may be combined with [ ]C,    [ ]D, or      [ ]F below); or

C [ ] Payment in equal___ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal___ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [✓] Special instructions regarding the payment of criminal monetary penalties:

    **The defendant shall be subject to financial disclosure throughout the period of supervised released and shall provide the U. S. Probation Office with all requested financial documentation including all household income.**

    **As noted in the Plea Agreement, The Court orders that any federal income tax refund payable to the defendant from the Internal Revenue Service will be turned over to the Clerk of Court and applied toward any outstanding balance, with regard to special assessment and restitution.**

    *****In the event restitution is not paid prior to commencement of supervised release, the defendant shall make monthly payments at a rate of no less than 10% of the defendant's gross monthly income. Restitution shall be paid to the U. S. District Clerk of Court for disbursal to the victim(s) in this matter, and payments shall begin within 30 days of the defendant's release from imprisonment.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States: