UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 06-50090 (Counts 5 & 6) <br> CIVIL NO.: 11-1410 <br> CRIMINAL NO.: 07-50003 (Count 1) <br> CIVIL NO.: 11-1409 |
| VERSUS | JUDGE DONALD E. WALTER |
| CORE L. MORRIS | MAG. JUDGE MARK HORNSBY |

### MEMORANDUM RULING

Before the Court are two identical motions to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Core L. Morris in two different cases stemming from his conviction for mail fraud, counterfeiting checks, and social security number fraud.[1] The government opposes the motions.[2] Having considered the motions, the opposition, the entire record, and the applicable law, Morris's petitions are hereby **DENIED WITH PREJUDICE.**

### BACKGROUND

Morris pled guilty to one count of a bill of information and two counts of an indictment. The charge under the bill of information to which Morris accepted guilt was for conspiracy to defraud insurance companies through use of the mail, violating 18 U.S.C. §§ 371 and 1341 (Count 1). He also admitted his guilt to a count in the indictment charging him with counterfeiting checks,

---

[1] The two cases and the motions include: Case No. 07-cr-50003, Doc. 43; and Case No. 06-cr-50090, Doc. 56. Morris filed both § 2255 motions on July 26, 2011. The two separate cases and motions will be consolidated in this ruling along with the government's opposition. In summary, 06-50090 involves Counts 5 (counterfeiting checks) and 6 (social security number misuse) and 07-50003 involves Count 1 (conspiracy to defraud).

[2] Case No. 07-cr-50003, Doc. 47; Case No. 06-cr-50090, Doc. 60. The government's opposition in both cases and motions are identical.

1

violating 18 U.S.C. § 513 (Count 5). Finally, he pled guilty to using his mother's social security number to obtain a Louisiana driver's license, violating 42 U.S.C. § 408(a)(7)(B) (Count 6).

Prior to accepting Morris's plea, this Court discussed with him, in detail, the consequences of signing the waiver and pleading guilty.[3] During this hearing, Morris's counsel stated he found defendant competent; this Court also found Morris to be competent. This Court advised Morris of the various rights he would be waiving by pleading guilty, including his right to trial, his right not to testify or to testify, the requirement that the government prove every element of his offenses beyond a reasonable doubt by competent evidence presented, and his right to subpoena witnesses on his behalf.[4]

The sentencing court imposed a 96 month term on Count 5 and 5 years each on Count 6 and the single count of the bill of information. The sentencing court ordered all sentences to run concurrently. Morris appealed his sentence and the Fifth Circuit vacated his sentence and remanded the matter for re-sentencing. *United States v. Morris*, 307 F. App'x 872 (5th Cir. 2009). During the pendency of Morris's initial appeal, he pled guilty to attempted possession of cocaine for attempting to smuggle drugs into prison. *See United States v. Morris*, 353 F. App'x 937 (5th Cir. 2009).

As a result of the remand for re-sentencing and Morris's intervening conviction, the sentencing court increased his sentence.[5] Following the imposition of the sentence on remand, Morris again appealed and the Fifth Circuit affirmed. *United States v. Morris*, 376 F. App'x 461 (5th Cir.

---

[3] 06-50090, Doc. 36 at p. 3.

[4] *Id.* at pp. 4-5.

[5] Morris was sentenced to 60 months imprisonment as to Count 1 of the Bill of Information (07-cr-50003) and Count 6 of the Indictment (06-cr-50090) to run concurrently with one another and 115 months as to Count 5 of the Indictment (06-cr-50090). Counts 1 and 6 are to run concurrently with the imprisonment in Count 5.

2010). The Fifth Circuit noted that Morris's intervening conviction was an objective and permissible factor justifying an increased sentence after remand. *Id.* The Fifth Circuit concluded that Morris failed to show that the district court procedurally erred or imposed a substantively unreasonable sentence.

On July 26, 2011, Morris filed the identical § 2255s now before the Court. Morris asserts three grounds of ineffective assistance of counsel as the basis for the relief sought. In summary, Morris's claims are that counsel failed to: (1) investigate the facts of the offense relating to Count 6; (2) inform him that he could be sentenced based upon amounts included in other charges in addition to the one to which he pled guilty (Count 5); and (3) properly argue and challenge the sentence enhancement to his offense level.[6]

## LAW AND ANALYSIS

### A. Ineffective Assistance of Counsel Overview

Although a guilty plea ordinarily waives all non-jurisdictional defects, including ineffective assistance claims, a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir.2008) (*quoting Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.")).

To establish ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors,

---

[6] 06-50090, Doc. 57.

defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Cavitt*, 550 F.3d at 441; *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir.1996). A court need not address both components of this inquiry if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by *Strickland*.

As an initial matter, this Court readily concludes that Morris's guilty plea was knowing and voluntary. At the guilty plea hearing, Morris confirmed that he had reviewed the plea agreement, understood the consequences of his plea, and voluntarily entered into the plea agreement. When asked whether he was satisfied with the legal services being performed on his behalf by his lawyer, Morris replied, "Yes, sir."[7] At the hearing, Morris fully understood the nature of the offenses which is shown by the following colloquy:

> THE COURT: Did you, as charged in Count 5 -- if I can find it -- in Count 5 of the indictment, here in the Western District of Louisiana, on September 24 of '05, knowingly possess, utter or cause to be made, uttered or possessed, a forged security of the Barksdale Federal Credit Union, being check No. 5038 in the amount of $669.77, with the intent to deceive by causing said check to be cashed?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And did you on or about the 20th day of February, 2002, for the purposes of obtaining a Louisiana driver's license, knowingly and with intent to deceive falsely represent a Social Security account number -- which is in the

---

[7] 06-50090, Doc. 36 at p. 4.

>indictment -- to be the Social Security account number assigned to you when in fact it wasn't?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Okay.[8]

Moreover, Morris stated that he had enough time to discuss the case with his attorney, and he expressed satisfaction with his attorney's performance. Quite clearly, Morris cannot establish that his counsel's performance during the plea proceeding was deficient, and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on a trial. Therefore, Morris's claims of ineffective of counsel lack merit and are denied. In an abundance of caution, this Court will now address Morris's three specific grounds.

**B. Ground 1: Failure To Investigate**

Morris alleges that his counsel rendered ineffective assistance by refusing to investigate the facts of the social security number fraud offense (Count 6). Specifically, Morris argues that the driver's license that he obtained was in his own name and that his counsel failed to investigate this matter by reviewing the records of the Shreveport City Court.[9] This Court notes that Morris raised his overarching argument in regards to this claim during the plea hearing and Morris agreed that how the social security number was obtained was irrelevant. The following colloquy transpired:

>THE COURT: Mr. Keene has talked about Alford. What I get out of this is, you have no recollection of giving your mother's Social Security number to obtain the license, but they sure had it.

---

[8] 06-50090, Doc. 36 at pp. 11-12.

[9] 07-50003, Doc. 43 at pp. 5-6.

THE DEFENDANT: Yes, sir.

THE COURT: And they're unlikely to have gotten it anyplace but from you, right?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And Mr. Keene is saying: Look, we're going to do an Alford plea. That means right now you can't really agree that the government has you dead to rights on Count 6, but you're reasonably sure they're going to be able to prove it and you're going to find guilty -- find you guilty anyway, and as Mr. Keene points out, you're facing ten years on one count and only five on that count, so you don't have a heck of a lot to lose by going ahead and pleading guilty; that way you get your points for acceptance of responsibility and so forth, and so you want to get this thing over with and just go ahead?

THE DEFENDANT: Yes, sir.

THE COURT: Is all that correct?

THE DEFENDANT: Yes, sir.[10]

In brief, Morris admits that he used the social security number and the way that the social security number was obtained is irrelevant.

This Court also notes that Morris's argument on this ground largely mirrors his direct appeal to the Fifth Circuit. Specifically, the Fifth Circuit considered Morris's argument that the driver's license he obtained was in his own name on appeal and rejected his contention, concluding as follows: "This argument fails because the driver's license number was still tied inextricably to Morris's mother's social security number." *United States v. Morris*, 376 F. App'x 461 (5th Cir.

---

[10] 06-50090, Doc. 36 at pp. 7-8.

2010). The Fifth Circuit reached this conclusion after reviewing Morris's argument under a plain error review. As such, this issue is not subject to additional review under § 2255. *U.S. v. Segler*, 37 F.3d 1131 (5th Cir. 1994).

In light of the irrelevant nature of the social security card investigation, his counsel's alleged failure to investigate was clearly not unreasonable and did not prejudice Morris. Furthermore, Morris cannot show prejudice, that but for the defense counsel's alleged failures or deficiencies regarding the investigation into his social security number claim he would not have pled guilty and would have insisted on a trial. In any event, all movant has provided is his conclusory assertion concerning the failure to investigate and inform and "conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983) (per curiam).

### C. Ground Two: Failure to Inform Regarding Sentencing

Morris argues that his counsel was ineffective for failing to inform him that he could be sentenced based upon amounts included in other charges in addition to the one to which he pled guilty (Count 5).[11] Morris claims that had he known that he could be sentenced based upon amounts involved in other charges to which he did not plead guilty, he would not have pled guilty. This argument is severely undermined by the fact that Morris acknowledged at his guilty plea hearing that he would be sentenced in accordance with the sentencing guidelines. Indeed, Morris acknowledged in his written plea agreement and during the plea hearing that there was no way to know what his actual sentence would be until after the guidelines were used to calculate his sentence. Morris also specifically acknowledged in the plea agreement and at the hearing that the maximum term to which he could be sentenced on Count 5 was a 10-year term. Further, Morris is unable to satisfy either

---

[11] 06-50090, Doc. 57 at pp. 6-7.

prong of the *Strickland* analysis on this issue, chiefly because he has put forth no evidence to demonstrate that counsel's actions were "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 687.

### D. Ground 3: Failure to Properly Argue and Challenge the Sentence Enhancement To His Offense Level

This claim fares no better than movant's previous claims. Morris argues that his counsel was ineffective for failing to properly argue and challenge the sentence enhancement to his offense level.[12] Morris contends that his counsel erred at both sentencing and on appeal because counsel failed to raise the issue. Ultimately, Morris's argument that the sentencing guidelines were somehow misapplied in his case does not give rise to a constitutional issue cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir.1999) (misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir.1994). Under § 2255, a petitioner may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. *Faubion*, 19 F.3d at 233. As with his other claims, movant has failed to make the required showing.

This Court also duly notes that Morris does not articulate how the guidelines were improperly applied. Again, all movant has provided is his conclusory assertion about the failure of his counsel to argue and challenge the sentence enhancement and "conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross*, 694 F.2d at 1012.

---

[12] 06-500090, Doc. 57 at p. 7.

## CONCLUSION

For the foregoing reasons, Morris has failed to demonstrate any error by counsel with respect to the grounds he raises. Accordingly, **IT IS ORDERED** that Morris's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [07-50003, Doc. 43; and 06-50090, Doc. 56] are **DENIED** and his petitions are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 11 day of August, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE